

**FILED**
**Aug 06, 2021**
**01:08 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **OLIVER BRITTON,** | ) | **Docket No. 2020-08-0551** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MILANO RIVERDALE, LLC,** | ) | **State File No. 72501-2018** |
| **Employer,** | ) | |
| **and** | ) | |
| **STATE FARM FIRE & CASUALTY** | ) | **Judge Amber E. Luttrell** |
| **CO.,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an Expedited Hearing on August 5, 2021, on Mr. Britton's request for medical and temporary disability benefits. The issue is whether Mr. Britton is likely to prevail at trial in proving medical causation for his low-back condition. For the reasons below, the Court holds Mr. Britton is not and denies his request for medical and temporary disability benefits at this time.

### History of Claim

Mr. Britton worked for Milano as a sales associate. On September 12, 2018, he alleged a low back injury from lifting boxes. He reported the injury, and Milano authorized treatment at an occupational medical clinic.

Mr. Britton saw a physician and reported a lifting injury where he felt a "pop" in his low back. He complained of back pain with decreased motion but no numbness. The provider diagnosed lumbosacral back pain with sciatica and treated him conservatively.

Two months later, Mr. Britton returned for follow-up and reported ongoing moderate to severe left low-back pain with radiating pain into his left leg. The physician ordered an MRI and referred him to an orthopedic spine specialist.

1

Mr. Britton next saw Dr. Stephen Waggoner, an orthopedic spine surgeon. Dr. Waggoner reviewed the MRI and noted it showed mild spinal stenosis at L4-5 with no evidence of disc herniation or significant nerve root impingement. Dr. Waggoner recommended conservative treatment including an epidural steroid injection and therapy.

Mr. Britton testified he did not like Dr. Waggoner's "bedside manner" and followed up with his colleague, Dr. Jonathan Stuart. Dr. Stuart diagnosed lumbar radiculopathy and also recommended an injection, which Mr. Britton declined at that time.

The records suggest that Mr. Britton had no further visits with Drs. Waggoner or Stuart. In a note dated June 7, 2019, Dr. Waggoner discharged Mr. Britton at maximum medical improvement for his back pain.[1]

In its defense, Milano introduced a medical record from Dr. Leonard Hayden concerning treatment Mr. Britton received after a motor vehicle accident on January 22, 2018, approximately eight months before his work injury. According to the record, Mr. Britton reported he was a restrained driver of a car traveling on the interstate when he was struck on the front driver's side by an 18-wheeler. Mr. Britton underwent conservative treatment for strains to his neck and back.

Milano sent Dr. Waggoner a letter about the cause of Mr. Britton's back complaints. Dr. Waggoner responded that Mr. Britton's complaints were "primarily related to preexisting conditions and/or the 1/22/18 MVA."

During his testimony, Mr. Britton denied any injury to his low back from his motor vehicle accident. He stated his injuries were to his upper shoulder area, arm, and right leg.

### Findings of Fact and Conclusions of Law

To obtain further medical treatment, Mr. Britton must show that he is likely to prevail at a hearing on the merits that his low-back condition and need for treatment primarily arose out of his work-injury. Tenn. Code Ann. § 50-6-239(d)(1) (2020); § 50-6-102(14). Based on Dr. Waggoner's opinion, the Court holds that he has not met this burden.

Dr. Waggoner stated that Mr. Britton's complaints are primarily related to preexisting conditions and/or his January 22, 2018 motor vehicle accident. While Mr. Britton disagrees with Dr. Waggoner, he did not introduce a causation opinion to counter Dr. Waggoner's opinion.

---

[1] Mr. Britton testified regarding a dispute with Milano regarding the circumstances of how his treatment ended with Drs. Waggoner and Stuart. Mr. Britton was adamant he never cancelled an appointment or walked out of the office before seeing a physician. The Court finds this testimony is not relevant to the sole issue before the Court at this time – medical causation.

2

The Workers' Compensation Appeals Board has explained an employee's burden to produce medical proof. It held that, where an employer has presented expert medical proof that his condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine." *Berdnik v. Fairfield Glade Cmty. Club,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10 (May 18, 2017) (internal citations omitted). While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence. *Id.*

In this case, without medical proof that Mr. Britton's current need for treatment primarily arose out of his work injury, the Court cannot find that he is likely to prevail at a hearing on the merits in his request for medical treatment or temporary disability benefits. Therefore, the Court **denies** his request at this time.

**IT IS ORDERED.**

**ENTERED August 6, 2021.**

_Amber E. Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Dr. Waggoner's Medical Questionaire
2. First Report of Injury
3. Promedica Clinic records
4. OrthoSouth records
5. Concentra Medical Center records

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion to Dismiss
4. Notice of Hearing
5. Order Setting Hearing on Motion to Dismiss
6. Order Setting Show Cause Hearing
7. Request for Expedited Hearing
8. Order on Motion to Dismiss and Following Show Cause Hearing

9. Motion to Compel
10. Order Confirming Parties' Resolution of Discovery Dispute
11. Status Order and Order Setting Expedited Hearing
12. Employer's Pre-Hearing Brief
13. Employer's Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 6, 2021.

| Name | USPS | Via Email | Service sent to: |
|------|------|-----------|------------------|
| Oliver Britton, Employee | X | X | 2283 Pratt St., Memphis, TN  38106 brittonoliver78@gmail.com |
| Allen Callison, Employer's Attorney | | X | allen.callison@mgclaw.com kelcye.nichol@mgclaw.com |

*Penny Shrum*
_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____         2. Address: _____

3. Telephone Number: _____         4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month        Medical/Dental  $ _____ per month

Groceries            $ _____ per month        Telephone      $ _____ per month

Electricity          $ _____ per month        School Supplies $ _____ per month

Water                $ _____ per month        Clothing       $ _____ per month

Gas                  $ _____ per month        Child Care     $ _____ per month

Transportation  $ _____ per month             Child Support  $ _____ per month

Car                  $_____ per month

Other                $ _____ per month (describe: _____ )

10. Assets:

Automobile               $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                    $ _____        (FMV) _____

Other                    $ _____        Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                                    RDA 11082